*Geo. C. Dixon*, for appellee.

———•✦•———

## FRINK & CO. v. TAYLOR's ADMINISTRATRIX.

T. commenced suit against F. & Co. for damages sustained to his person by the upsetting of a stage coach; after suit was commenced, T. died, and his wife was substituted as administratrix of his estate, and filed a supplemental bill. On the trial, the court instructed the jury that plaintiff could recover damages for the injury sustained by her on account of the death of T.; held that this instruction was erroneous; that she could not recover for such injury as administratrix, but that she might do so by a proceeding in her own name and right; that as administratrix she could only recover such damages as her husband might have recovered.

An amended petition should appertain to the same rights of the party plaintiff as the original petition, and should not set up other rights effecting other parties.

### *Appeal from Jefferson District Court.*

*Opinion by* WILLIAMS, C. J. This cause was commenced in the district court of Wapello county, and the venue

changed to Jefferson county. The suit was brought to February term, 1852, by Telghman A. Taylor, in his own right. His petition of complaint sets forth as the cause of action, "that on or about the 31st day of October, 1851, he became and was a passenger upon the stage coach, then owned by the defendants, which was kept for the convey- ance of the United States mail, and for the conveyance of passengers, from Keokuk, in this state, to Ottumwa; and that while petitioner was a passenger in said coach, and one H. White, then in the employment of defendants as driver; the plaintiff charges that the coach was overloaded, and that by careless and negligent driving, the coach was upset, and thereby he was greatly injured; that in consequence he had suffered much, and incurred great expense for medi- cines and medical attendance, &c., necessary in his afflic- tion; that, from the time of the injury to the time of the bringing of this suit, by reason thereof, he had been con- fined to his room, and unable to attend to his business as cabinet maker. He also avers that it was in the night time, when the coach was turned over; and that there was but one side light provided for the coach at the time. He con- cludes by claiming one thousand dollars damages.

The petitioner then procured the issuance of an attach- ment, by virtue of which the property of the defendants was attached.

After the bringing of this suit, and the filing of this com- plaint, the plaintiff died. Margaret Taylor, wife of the plaintiff, was then substituted, as administratrix, to prose- cute the action; whereupon she filed a supplemental bill of complaint in the action, in which she sets forth the fact that she had been duly appointed administratrix of his estate, and then proceeds to state that, "she claims that there is now due to her, as the administratrix of said estate, from the said defendants, the sum of five thousand dollars, to wit: The sum of one thousand dollars for damages, as set forth in decedent's petition; and the further sum of four thousand dollars for the following grievances: "And your

petitioner further states and claims that, in consequence of the injury received, as sustained by the said Telghman A. Taylor, deceased, by the act of said defendants, as set forth and contained in said original petition of the said deceased, he,—the said deceased,—from the time of the filing of the said original petition, continued to suffer great pain, and continued to be sick, and was compelled to employ physicians and nurses to take care of, and cure him of the injury so received and sustained by him ; that he had paid out and expended large sums of money to physicians, &c., in attempting to cure him, to wit : the sum of five hundred dollars ; that he continued to be sick and suffer, by reason of the injury, from the 30th day of January, 1852, until the 12th of June 1852, when he died. She then charges that his death was the consequence of the injury received, by the upsetting of the coach, as charged in the original petition.

She then concludes, by praying that the suit may be prosecuted in her name, as the representative of her deceased husband, and that she may have judgment for the said sum of five thousand dollars, with costs, &c.

Afterwards, the original and supplemental petition was amended, so as to allege more specifically the facts relative to the defendant's undertaking, by their agent, to carry the deceased, as a passenger, for the pay, and the negligence of the agent and driver, by which the deceased plaintiff was injured, and his death caused.

Issue was joined, the cause tried, and a verdict rendered for the plaintiff for fifteen hundred dollars, upon which judgment was entered. From this judgment the defendants have appealed.

Several errors have been assigned, on which a reversal of the judgment is urged. However, they all relate to proceedings had in the court below, which refer to, and depend on the same point. This is presented by the third assignment of error, which is that, " the court erred in giving the instructions to the jury, that said Margaret could recover

damages for the injury sustained, by her on account of the death of said Telghman A. Taylor, on this action."

It appears by the bill of exceptions, that such was the instruction given to the jury by the court, upon this question.

This action was commenced and prosecuted by Telghman A. Taylor, in his own right. Pending the prosecution, and before trial had, he died. Margaret Taylor, his widow, administered on his estate; and as administratrix, was substituted as the plaintiff, in his stead, to prosecute his action in the district court, where she thus became authorized, as plaintiff, to proceed with the action; she could legally amend the petition, by leave of the court; or could file an amended petition, at the proper time, provided such petition was of matter appertaining to the *same right* of the party plaintiff, which was contained in the original petition. The Code of Iowa, chapter 104, § 1751, pa. 255, provides that "several causes of action may be united in the same petition, provided, they affect all the parties thereto in the same capacities, and if suit on all might be brought in that county. But the court, to prevent confusion therein may direct all, or any portion of the issues joined therein, to be tried separately."

By the enactments of this section, the legislature have enabled the plaintiff in an action to unite several causes of complaint, in the same petition; but these must " affect all the parties thereto, in the same capacities." It does not go so far as to unite several persons possessing and having distinct and individual rights, to the same action. In this case it is true, that in common with Telghman A. Taylor, the husband and plaintiff, Margaret his wife, had an interest in the action brought by him in his life time. But upon being substituted as administratrix, she became the representative of those interested in his estate, in the prosecution of this action. If damages were recovered in this suit, they would be assets in her hands for their benefit, and she would be accordingly chargeable, as administra-

trix. He had sued to recover damages for injury, suffering, expenditure of money, loss of time, &c., which had been brought upon him by the illegal conduct of the defendant before his death, pending the suit, she being substituted as his administratrix, could only act in this capacity. But she seeks by her supplemental petition a claim for damages, founded upon his death, upon the allegation that it was caused by the injuries as complained of in the original petition. This we think would be to allow her to blend in the same suit, matters appertaining to her, in her individual right, with those of another and different right. The provisions of the Code have certainly changed the common law practice in relation to the rights of parties in actions ; but we do not understand them as having gone so far as to allow parties, who stand in distinct and separate rights and capacities, to unite their interests on the same action.

To recover damages for the loss sustained by her, by reason of the death of her husband, she must resort to an action in her own name, as the matter thereof appertains to her own and separate right. The damages which might be recovered by virtue of the supplemental petition would not belong to the estate, as they are claimed as accruing in consequence of his death ; and all subsequent to the original action.

Judgment reversed.

*J. C. Knapp*, for appellants.

*Slagle* and *Acheson*, for appellee.